HELLE *v.* DEMPSEY.

1. Vendor and Purchaser—Breach of Contract—Stipulated Damages—Stipulations.
   Award to plaintiff of $10,000 damages against defendant for breach of her agreement to sell her bowling alley and bar for the agreed price of $145,000 *held,* sustained by record presented, where such award was made by the trial court either pursuant to provision of contract stipulating damages in that amount or that amount was stipulated in open court as amount to which plaintiff would be reasonably entitled.

References for Points in Headnotes
[1] 15 Am Jur, Damages § 240 *et seq.*

2. JUDGMENT—ACTION BY OTHER PARTIES AGAINST DEFENDANT.
    Fact that party who had signed agreement to buy defendant's
    bowling alley and bar for $145,000 had given its check for
    $10,000 payable to defendant, which was held by her attorney,
    and that suit which it had brought against her was later dis-
    missed did not alter the contractual obligations between plain-
    tiff purchaser and defendant vendor.

Appeal from Wayne; Peterson (William R.), J., presiding. Submitted November 15, 1961. (Docket No. 106, Calendar No. 49,174.) Decided March 16, 1962. Rehearing denied May 17, 1962.

Action by Earney F. Helle against Stella Dempsey for stipulated damages on breach of contract to sell business. Judgment for plaintiff. Defendant appeals. Affirmed.

*Michael A. Guest,* for plaintiff.

*Frederick D. Bartholomew,* for defendant.

*Craig Thompson,* for defendant on application for rehearing.

KELLY, J. August 14, 1959, defendant entered into a written agreement with plaintiff to sell him her Dearborn, Michigan, bowling alley and bar, for the agreed price of $145,000.

Defendant later refused to consummate the deal, and plaintiff sought damages under paragraph 14 of the agreement, which provided:

"It is hereby agreed and understood between the parties hereto that if either party fails to comply with and complete the sale or purchase of this said business, license, and equipment in conformity with the terms of this agreement then the parties in default shall pay to the other the sum of $10,000, as liquidated damages and not as a penalty."

. Defendant claimed she was rushed into signing the preliminary agreement; that the agreement was

forged and did not contain a $10,000 liquidated damage provision; that she became "provoked and refused to go through with the consummation of this deal" and "saw fit to disapprove the preliminary agreement as it was not in its original status."

Defendant became the owner, after the death of her former husband, and had, for some period of time prior to the August 14, 1959, agreement, endeavored to sell the property and business.

Her husband's estate was probated in Wayne county and William J. Davis, an attorney and accountant, served as administrator of the estate. After the closing of the estate, Davis continued to render legal and accounting services to defendant, was furnished the cash records of her business, prepared her income and sales tax returns, and, at defendant's request, endeavored to help her sell the business.

Defendant testified that on August 15th, Davis brought a document to her at a time when she was busy tending bar; that Davis was in a hurry and told her to hurry up and sign it; that she did not know anything of the contents of the document at the time she signed; that she did not place her initials on any paragraph of the document; that there was no provision for $10,000 liquidated damages and liquidated damages were not discussed at any time with her; that Davis was merely her bookkeeper, and she did not even know he was an attorney.

Davis testified that he wrote the $10,000 notation in paragraph 14 and that he definitely pointed this provision out to defendant and discussed it at length with her before she signed.

In finding that defendant had wrongfully breached the agreement, the trial court stated:

"Defendant's attempted appearance as an unlearned, helpless and misled woman is not consistent with testimony elicited from her on cross-examina-

tion, or with her conduct prior thereto in the instances in which she obtained the statements of Stewart and Davis regarding attorney fees, of Stewart re commission sharing with Budz, and in which changes were made in the offer to purchase before she signed same. The court's initial distrust of the credibility of defendant and her husband is substantiated by an analysis of the court's trial notes which disclose these inconsistencies. * * *

"At the January 25th meeting and a subsequent meeting on February 2d, defendant made several complaints. * * * At none of the meetings was any claim made that the liquidated damage clause had been completed after execution of the contract without defendant's knowledge or consent. * * *

"Defendant assumed that the liquidated damage clause would be binding if there was a contract, but attacked it on the theory that it was completed after August 15, 1960, and therefore not binding on defendant or indicative of the absence of a contract between the parties (with which the court, as noted, disagrees). Further, on plaintiff's opening statement, defendant objected to proposed proof of actual damages and it was then stipulated that $10,000 would be the damages to which plaintiff would be reasonably entitled if this clause was part of a valid contract between the parties, and the trial progressed accordingly. A question was raised after completion of trial as to whether this was in fact stipulated, and a review of the reporter's notes does not indicate precise language of stipulation. The court and counsel so understood it, however, and the whole trial proceeded upon that assumption.

"But whether on stipulation or with complete acceptance of the notion that subsequent damages are immaterial where the contract calls for liquidated damages (and not for a penalty), the court finds the sum of $10,000 damages on a sale of $145,000 not unreasonable on its face.

"Judgment may therefore be entered for plaintiff in the amount of $10,000, with costs."

The record sustains the trial court, and we completely agree with the court's finding and the award of damages to the plaintiff.

Defendant complains that the Hart Finance Company signed the agreement and gave its check for $10,000 payable to defendant, which was held by her attorney, and later brought suit against her, which was dismissed. There is no merit to this complaint, as this did not alter the contractual obligations between plaintiff and defendant.

Judgment for plaintiff affirmed. Costs to plaintiff.

DETHMERS, C. J., and CARR, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., took no part in the decision of this case.